UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERNEST NOWACKI,

    Plaintiff,

v.

    Case No. 25-cv-1615-pp

KLER'S LISBON PROPERTY HOLDING, LLC
and MANDEEP KLER,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE (DKT. NO. 8)**

On October 21, 2025, the plaintiff filed a complaint alleging that the defendants violated the Fair Labor Standards Act and Wisconsin's Payment and Collection laws. Dkt. No. 1 at ¶1. The plaintiff brought these claims as a collective and class action. Id.

On January 23, 2026, the plaintiff filed affidavits of non-service for both defendants. Dkt. Nos. 6, 7. The affidavits show that a process server attempted to serve defendant Mandeep Kler[1] five times between December 26, 2025 and January 7, 2026 at a Sentry Food Store at 7101 West Lisbon Avenue in Milwaukee. Dkt. No. 6, 7. The affidavit avers that each time she attempted to serve him, store associates told the process server that Kler was unavailable. Id.

---

[1] The affidavit avers that Kler is the registered agent for Kler's Lisbon Property Holding, LLC. Dkt. No. 6.

Also on January 23, 2026, the plaintiff filed a Rule 7(h) Motion for an Extension of Time for Service. Dkt. No. 8. The plaintiff explains that the process server attempted to serve Kler at the West Lisbon Avenue address—the address of Kler's business. Id. at ¶2. The plaintiff states that "[a]fter a reasonable investigation," he was unable to determine Kler's home address but that he "understood" Kler regularly was at the West Lisbon Avenue store "during regular business hours." Id. at ¶3. According to the plaintiff, "it seems Defendant Mandeep Kler may be actively avoiding service." Id. at ¶5.

The plaintiff argues that he has established good cause for extending the deadline for service under Federal Rule of Civil Procedure 4(m). Id. at ¶6. He asks the court to "extend the deadline for service by ninety (90) days to serve, subserve, or serve Defendants by publication, through April 20, 2026." Id. at ¶7.

Rule 4(m) requires a defendant to be served within ninety days after the complaint is filed. The plaintiff filed his complaint on October 21, 2025; that means that he was required to effect service by January 19, 2026. The plaintiff filed his Rule 7(h) motion for an extension of time on January 23, 2026—only four days after the date for effectuating service had expired. He has demonstrated that he attempted service multiple times over almost two weeks (although that was a holiday period, so if the Sentry store is Kler's place of employment, he may have been off work for the holidays). The court finds that the plaintiff has shown good cause justifying the court extending the service

2

deadline by ninety days and will grant the plaintiff's motion. See Fed. R. Civ. P. 4(m).

Although the plaintiff styled his motion as one for "an Extension of Time for Service" and cited Rule 4(m)'s good cause standard, id. at ¶6, it appears that the plaintiff also might be asking leave to effectuate alterative service. He asks to "extend the deadline for service by ninety (90) days to serve, *subserve*, or *serve Defendants by publication.*" Id. at ¶7 (emphasis added). To the extent that the plaintiff is asking for it, the court is not authorizing alternative service. The plaintiff has not cited the relevant provisions of Rule 4, nor has he attempted to make the required showing for alternative service under that rule or state law. If the plaintiff is unable to serve the defendants during the next ninety days, he may (before that period expires) file a motion for leave to effectuate alternative service, citing the proper provision and making the required showing.

The court **GRANTS** the plaintiff's Civil L.R. 7(h) Expedited, Non-Dispositive Motion for an Extension of Time for Service. Dkt. No. 8.

The court **ORDERS** that the plaintiff's deadline to serve the defendants is **EXTENDED** until the end of the day on **May 18, 2026**.

Dated in Milwaukee, Wisconsin this 17th day of February, 2026.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**